UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD AARON BARKER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TONY MALFIE,<br><br>　　　　　Respondent.<br>_____/ | CV F   05-1304 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 10] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

　　　　Petitioner filed the instant federal petition for writ of habeas corpus on October 17, 2005. Respondent filed the instant motion to dismiss on April 5, 2006, and Petitioner filed an opposition on April 21, 2006.

DISCUSSION

A.　　Procedural Grounds for Motion to Dismiss

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254

---

[1] As Respondent sets forth in his motion to dismiss, Tony Malfie is the current Acting Warden of the Mountain Home Camp and not Steve W. Ornoski. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Malfie is substituted in place of Ornoski. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1991).

1

Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(b)(3)(A). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Successive Petition

Because the Court finds merit to Respondent's second ground for dismissal based on a violation of the bar against successive petitions, the Court does not resolve Respondent's first ground for dismissal based on a violation of the statute of limitations.[2]

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis

---

[2] The Court does note however that the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1), as Petitioner's direct review concluded on January 28, 1997, and the statute of limitations expired on April 28, 1998, following the 90-day period to file a writ of certiorari with the United States Supreme Court and the one year period to file a federal petition.

2

of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

The prior petition in Barker v. Lewis, No. CV-F-97-5387 AWI SMS P was denied on the merits on September 16, 1998, when the Court adopted the Magistrate Judge's Findings and Recommendations of April 29, 1998.  (Court Docs. 14, 15.)  Therefore, because the prior petition was adjudicated on the merits, and the instant petition is a "second or successive petition" under § 2244(b)(3)(A), it must be dismissed, without prejudice, to re-filing if Petitioner obtains and seeks approval in the Ninth Circuit Court of Appeals to file a second or successive petition.

///

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss based on the ground that the instant petition is a second or successive petition be GRANTED; and

2. The instant petition for writ of habeas corpus be DISMISSED, without prejudice.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 2, 2006**          **/s/ Dennis L. Beck**
3b142a                              UNITED STATES MAGISTRATE JUDGE