UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD AARON BARKER,<br><br>        Petitioner,<br><br>v.<br><br>TONY MALFIE,<br><br>        Respondent. | 1:05-cv-01304-AWI-DLB-HC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 15)<br><br>**ORDER GRANTING MOTION TO DISMISS** (Doc. 10)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK TO CLOSE FILE** |

   Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

   On May 2, 2006, the Magistrate Judge filed Findings and Recommendations that Respondent's motion to dismiss based on the ground that the instant petition is a second or successive petition be GRANTED, and the instant Petition for Writ of Habeas Corpus be DISMISSED, without prejudice.  These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On May 17, 2006, Petitioner filed objections to the Findings and Recommendations.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.  Petitioner contends in his objections that his sentence was illegally enhanced, and the recent Supreme Court case of Blakely v. Washington, 542 U.S. 296 (2004), provides Petitioner with relief.  Congress has mandated that:

> [a] claim presented in a second or successive habeas corpus application under [28 USCS § 2254] that was presented in a prior application shall be dismissed . . .[a] claim presented in a second or successive habeas corpus application under [28 USCS § 2254] that was not presented in a prior application shall be dismissed unless ... the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b).   Only the Ninth Circuit can grant Petitioner permission to file a second or successive habeas corpus petition. 28 U.S.C. § 2244(b)(3).   Thus, this court has no authority to allow Petitioner to proceed with a second or successive habeas corpus petition.   Regardless, the Ninth Circuit held in Cook v. United States, 386 F.3d 949 (9th Cir.2004),that Blakely does not apply  retroactively to convictions that became final prior to the publication of that decision.   Id. at 950.

Accordingly, IT IS HEREBY ORDERED that:

1.    The Findings and Recommendations, filed May 2, 2006, are ADOPTED IN FULL;

2.    Respondent's motion to dismiss based on the ground that the instant petition is a second or successive petition, filed April 5, 2006, is GRANTED;

3.   The instant Petition for Writ of Habeas Corpus is DISMISSED, without prejudice; and,

4.   The Clerk of Court is DIRECTED to close this file.

IT IS SO ORDERED.

**Dated:   July 6, 2006**                              **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE